UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HERMINIA COLLADO :
:
v. : C.A. No. 11-006S
:
WELLS FARGO BANK, NA s/b/m :
WELLS FARGO HOME MORTGAGE, :
INC. and HARMON LAW OFFICES, :
P.C. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Defendant Harmon Law Offices, P.C.'s Motion to Dismiss. (Document No. 4). Plaintiff has not filed a timely opposition to the Motion (LR Cv 7(b)(1)) and thus it is unopposed and may be granted on that basis. In addition, on the merits, Harmon argues that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because Plaintiff's Complaint does not state any factual allegations against it.

Under Fed. R. Civ. P. 8(a), a Complaint must contain a short and plain statement showing that the plaintiff is entitled to relief. Here, Plaintiff's Complaint alleges that Defendant Wells Fargo Bank is clouding title to his property by improperly foreclosing, that Mortgage Electronic Registration Systems, Inc. ("MERS")[1] recorded unauthorized assignments of his mortgage, and that MERS had no ownership interest in his property and slandered his title by his improper recordings. The Complaint does not include any factual allegations as to Defendant Harmon's involvement or

---

[1] Although MERS is named in the body of Plaintiff's Complaint, Plaintiff did not name MERS as a Defendant in the case caption of his Complaint, did not list MERS as a Defendant on the Civil Cover Sheet, and did not include MERS in the list of "the parties" at the beginning of his Complaint. (Document No. 1-1).

any legal claims made directly against Harmon. In addition, Harmon points out that it owed no duty to Plaintiff as Defendant Wells Fargo, and not Plaintiff, was its client. The Court reasonably infers from the pleadings that Harmon was the law firm representing Wells Fargo in the foreclosure proceeding, and Plaintiff has completely failed to state any viable factual or legal claims against Harmon in his Complaint. Thus, I recommend that Defendant Harmon's unopposed Motion to Dismiss (Document No. 4) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 2, 2011